**NICOLETTI HORNIG & SWEENEY**
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
Attorney: Lawrence C. Glynn (LG 6431)
NH&S File No.:   68000268LCG



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NAVIGATORS MANAGEMENT COMPANY
as Subrogee of ETTERS INTERNATIONAL,

          Plaintiff,

  -against-

M/V EASLINE TIANJIN, her engines, boilers, etc.
WESTWOOD SHIPPING LINES
and PU HARMONY PTE LTD.,

          Defendants.
-----------------------------------------------------------x

Case No.:   07 Civ.   (   )

**COMPLAINT**

     Plaintiff, Navigators Management Company  a/s/o Etters International ("Navigators" or "Plaintiff") by its attorneys, Nicoletti Hornig & Sweeney, alleges upon information and belief, as follows:

     1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At and during the times hereinafter mentioned, plaintiffs had and now have the legal status and principal place of business stated in Schedule "A" attached hereto and by this reference made a part hereof.

3. At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule "A", and were and now are engaged as common carriers of merchandise by water and owned, operated, managed, chartered and controlled the above matter vessel which is now, or will be within the jurisdiction of this Court during the pendency of this action.

4. On or about the dates and at the port of shipment stated in Schedule B attached hereto and by this reference made a part hereof, there was delivered to the vessel and defendants in good order and condition, the shipment described in Schedule B, which said vessel and defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule B.

5. Thereafter, the said vessel and defendants delivered plaintiff's shipment, however not at the port of destination described in Schedule B and the aforesaid shipment was short, missing and/or damaged.

6. By reason of the premises, the above named vessel and defendants breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

7. Plaintiff's subrogor was the consignee, owner, or underwriter of the shipment described in Schedule B, and brings this action on its own behalf and as agent and trustee, on behalf

of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

8. Plaintiff has duly performed all duties and obligations on its part to be performed.

9. By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $84,752.00.

WHEREFORE, plaintiff requests:

(a) That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

(b) That if Defendants cannot be found within this district, then all their property within this District as shall be described in Schedule "A", be attached in the sum of $84,752.00 with interest thereon and costs, the sum sued for in this Complaint;

(c) That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

(d) That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all singular the matters aforesaid, and this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor, and

    (e)    That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
        July 18, 2007

        Yours, etc.,

        **NICOLETTI HORNIG & SWEENEY**
        Attorneys for Plaintiff

        By: _/s/_
        Lawrence C. Glynn (LG-6431)
        Wall Street Plaza
        88 Pine Street
        New York, New York 10005
        (212) 220-3830
        NH&S File No.:    68000268LCG

## SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

1. Plaintiff, Navigators, is a corporation and/or business entity existing under and pursuant to the laws of the State of New York with an office and place of business located at One Penn Plaza, New York, New York 10119.

**Defendants' Legal Status and Office and Place of Business:**

2. Defendant, Westwood Shipping Lines, is a business entity and/or corporation existing under and pursuant to the laws of a State of the United States of America which operates as a common carrier of goods with an office and place of business at 840 S 333rd Street, NP-WSL, Federal Way, WA 98003.

3. Defendant, PU Harmony Pte Ltd., is a business entity and/or corporation existing under and pursuant to the foreign law which operates as a common carrier of goods with an office and place of business at c/o Pan United Shipping (Pte) Ltd., 33 Tuas Crescent, Singapore 638722

## **SCHEDULE B**

| | |
|---|---|
| Vessel: | M/V Easline Tianjin |
| Bill of Lading: | WWSULY009XIS6083 |
| Date of Shipment: | July 21, 2007 |
| Port of Shipment: | Busan Korea |
| Port of Discharge: | Green Bay, WI |
| Shipper: | HJC Corporation |
| Consignee: | Castle Sales Co. |
| Description: | Motorcycle Helmets |
| Nature of Claim: | Non Delivery - 344 Cartons (Container Overboard) |
| Amount: | $84,752.00 |
| NH&S File No.: | 68000268LCG |