UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
NAVIGATORS MANAGEMENT COMPANY      07 CV 6509 (LLS)
as Subrogee of ETTRS INTERNATIONAL,

           Plaintiffs,      ANSWER TO
                      COMPLAINT WITH
     -against-           AFFIRMATIVE DEFENSES
                      AND CROSS-CLAIM
M/V EASLINE TIANJIN, her engines,
boilers, etc., WESTWOOD SHIPPING
LINES and PU HARMONY PTE. LTD.,

           Defendants.
------------------------------------------------X

    Defendant WESTWOOD SHIPPING LINES (answering defendant), by its attorneys MAHONEY & KEANE, LLP, answers the Complaint of plaintiff upon information and belief as follows:

    FIRST:  Answering defendant denies knowledge or informatin sufficient to form a belief as to the allegation contained in paragraphs "1", "2", "7" and "8" of plaintiff's Complaint.

    SECOND:  Answering defendant denies each and every allegation contained in paragraphs "3","4", "5", "6", and "9" of plaintiff's Complaint.

AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

    THIRD:  The Complaint fails to state a claim against answering defendant on which relief can be granted.

<u>AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTH:    Answering defendant is not liable to plaintiff on the causes of action alleged in the Complaint.

<u>AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FIFTH:    If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the answering defendant is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, <u>et seq</u>.

<u>AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SIXTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which answering defendant is liable, said damages must be limited pursuant to 46 U.S.C.A. 1304 (5).

<u>AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SEVENTH:    If there was any loss of and/or damage to cargo as alleged in the Complaint, answering defendant is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

<u>AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTH:    If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the

2

answering defendant is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH:    Answering defendant puts plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading tariffs and other applicable contracts, law and in the United States Carriage of Goods by  Sea Act, 1936.

AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:    Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of answering defendant or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendant or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and answering defendant is not under any liability for any such loss or damage.

AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH:    (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly

3

manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, answering defendant is not under liability therefore.

AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:    Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH:    Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendant had and has no direction or control.

AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:    Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

4

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:    Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of answering defendant and as such plaintiff is barred from recovery in this action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:  Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:  Plaintiff herein has failed to mitigate its damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH:     The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH:    The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

5

### AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH:   The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

### AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST:   Plaintiff has failed to bring answering defendant within the personal jurisdiction of the Court.

### AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND:  This Court lacks personal jurisdiction of the answering defendant.

### AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD:  Plaintiff has failed to make proper service of process upon answering defendant.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH:   This Answer and Cross-Claim is made without waiver of any jurisdictional defenses or rights to arbitrate or proceed in another forum that may exist between the parties.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT
## <u>PU HARMONY PTE LTD.</u>

TWENTY-FIFTH:    This  is  a  claim  under  the  Court's Admiralty  and  Maritime  Jurisdiction,  and  under  the  Court's diversity and pendent jurisdiction.

.

TWENTY-SIXTH:    That  all  times  mentioned  hereafter WESTWOOD SHIPPING LINES was and is a corporation duly organized and existing pursuant to the laws of a foreign country.

TWENTY-SEVENTH:    That defendant PU HARMONEY PTE LTD. was and is a corporation organized and existing under the laws of a foreign country.

TWENTY-NINTH:    That  if  plaintiff  suffered  any  loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach  of  warranty  (express  or  implied)  and/or  the  fault  of defendant PU HARMONY PTE LTD.

THIRTIETH:  That if defendant WESTWOOD SHIPPING LINES is found responsible for any of the loss and/or damage sustained by plaintiff herein, defendant WESTWOOD SHIPPING LINES is entitled to indemnification and/or contribution in whole or in part from the co-defendant  PU  HARMONY  PTE  LTD.  for  said  losses  and/or  damage including costs and reasonable counsel fees.

7

.

WHEREFORE, defendant WESTWOOD SHIPPING LINES demands judgment dismissing the Complaint herein, along with costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment against the co-defendant PU HARMONY PTE LTD. for all sums which may be recovered by plaintiff against the defendant WESTWOOD SHIPPING LINES, including disbursements of this action and for such other and further relief as to the Court may seems just and proper.

Dated:  New York, N.Y.
        September 24, 2007

                          MAHONEY & KEANE, LLP
                          Attorneys for Defendant
                          WESTWOOD SHIPPING LINES

By: _____
                          EDWARD A. KEANE (EK 1398)
                          111 Broadway, Tenth Floor
                          New York, New York 10006
                          (212) 385-1422
                          File No.: 19/3464/B/07/9

TO:   NICOLETTI HORNIG & SWEENEY
      Attorney for Plaintiff
      Wall Street Plaza
      99 Pine Street
      New York, NY 10005
      (212) 220-3830